Tres Realty LLC, Petitioner-Appellant, 
against
Ta-Wei Yu, Respondent-Respondent.



Petitioner appeals from an order of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), dated April 11, 2017, which denied its motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam. 
Order (Laurie L. Lau, J.), dated April 11, 2017, affirmed, with $10 costs.
Upon the May 2015 death of the rent stabilized tenant, petitioner commenced this holdover proceeding against respondent Ta-Wei Yu, alleging that his occupancy status was that of a licensee with no right to continued possession. Respondent, who, it is not disputed, is a citizen of Taiwan who was admitted to the United States in 2005 on a still valid F-1 student visa, interposed an answer seeking succession rights as a nontraditional family member of the tenant.
Petitioner moved for summary judgment of possession claiming that, as a mater of law, respondent's immigration status precludes him from establishing that he primarily resided in the subject apartment for the two-year period prior to tenant's death (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]). Petitioner cites federal immigration law which requires the holder of an F-1 visa to have "a residence in a foreign country which he has no intention of abandoning" (8 USC § 1101[a][15][F][i]), and which defines "residence" as a "principal, actual dwelling place in fact, without regard to intent" (8 USC § 1101[a][33]). Petitioner also cites Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 (2008), where the Court of Appeals interpreted identical language in 8 USC § 1101[a][15][B] (therein applicable to holders of a B-2 tourist visa), and concluded that "a primary residence in New York and a B-2 visa are logically incompatible" (id. at 317). Petitioner asserts that the result herein should not be any different than in Jagger.
We agree with Civil Court that respondent's status as a holder of an F-1 visa is not dispositive as a matter of law in determining whether he is entitled to succession. There are significant differences between the B-2 visa at issue in Jagger and the F-1 visa that respondent holds. A B-2 tourist visa is designed to permit short-term entry into this country (see United States v Thiongo, 344 F3d 55, 58 [1st Cir 2003]), specifically, entry that is "temporarily for business or temporarily for pleasure" (8 USC § 1101[a][15][B]). In contrast, an F-1 student visa is valid for the duration of status, which is defined as the time during which an F—1 student is [*2]pursuing a full course of study at an approved educational institution (see 8 USC § 1101[a][15][F][i]; 8 CFR § 214.2[f][5][i]). Consequently, unlike a tourist, an international student in New York on an F-1 visa may likely make a long-term commitment to live, study and, when approved, work here. Indeed, respondent has resided in this country for more than a decade while pursuing his course of study, a doctorate in music. It is also possible that an F-1 visa holder may, while living in New York for an extended period, get married, start a family, or reside with someone in a relationship characterized by emotional and financial commitment and interdependence.
Furthermore, the principal residence abroad requirement for a B-2 tourist visa holder must be viewed in a different context with respect to a student on an F-1 visa, who, as the United States State Department has observed, "does not possess ties of property, employment, family obligation, and continuity of life typical of B visa applicants," since students are often "single, unemployed, without property, and [are] at the stage in life of deciding and developing [their] future plans" (see former 9 Foreign Affairs Manual [FAM] § 402.5-5[E][1][b]).
In any event, even if the Jagger holding applied to one holding an F-1 student visa, the Jagger court recognized that there may be "some unusual circumstance" where a foreign national on a tourist visa may meet the primary residence requirement of New York City's rent regulations (Katz Park Ave. Corp. v Jagger, 11 NY3d at 317). Here, respondent indicated that while pursuing his studies, he met and fell in love with tenant, moved in with him in late 2012, that the two were dedicated and committed partners, and that they planned to marry before tenant's untimely death. In the circumstances, respondent's immigration status should not be dispositive as a matter of law on his succession claim, particularly given that considerations of citizenship and immigration status are not among the criteria for family member succession enumerated in the governing regulations (see RSC § 2520.6.[o]; see also 1504 Assoc., L.P. v Wescott, 41 Misc 3d 6 [App Term, 1st Dept 2013]), whose remedial purpose is "to prevent the grievous harm that would ensue from the wholesale eviction of family members" from their home-apartment following the record tenant's death or departure (Festa v Leshen, 145 AD2d 49, 57 [1989], quoting Lesser v Park 65 Realty Corp., 140 AD2d 169, 173 [1988], appeal dismissed 72 NY2d 1042 [1988]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 02, 2019